IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ETHYLENE BAILEY,

        Plaintiff,

v.                                   CIVIL ACTION NO.  2:05-cv-00552

WAL-MART STORES EAST, L.P.,
and PAUL J. BOOTH,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant, Paula Booth's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket 5].  Because the court **FINDS** that the defendants have failed to establish that the plaintiff fraudulently joined defendant Paula Booth, the court is without jurisdiction to entertain the action for lack of complete diversity of citizenship.  *See* 28 U.S.C. § 1332 (2002).  Accordingly, the court declines to rule on Ms. Booth's motion to dismiss and pursuant to 28 U.S.C. § 1447(c) (2002), **REMANDS** the action to the Circuit Court of Logan County, West Virginia.

**I.  Background**

A brief recitation of the facts is necessary to determine whether the plaintiff fraudulently joined defendant Paula Booth.  The plaintiff, Ethylene Bailey, a resident of Logan County, West Virginia, filed a complaint against Wal-Mart Stores East, LP (Wal-Mart) and Paula J. Booth, a resident of Logan County, West Virginia.

In her complaint the plaintiff alleges that she was a business invitee on Wal-Mart Superstore #2610, located in Logan County, West Virginia. Ms. Booth is a manager at the Logan County Wal-Mart and Ms. Booth's affidavit states that she was working on November 19, 2004. The plaintiff claims that on November 19, 2004, she was injured when a gap in the floor mat caused her to fall while entering the superstore. The plaintiff alleges that the defendants were negligent in failing to fix the gap in the floor mat and failing to warn plaintiff that a gap in the floor mat existed.

On July 11, 2005, the defendants filed a joint notice of removal alleging the fraudulent joinder of the only non-diverse party, Paula Booth. The defendants claim that the plaintiff cannot possibly recover from Ms. Booth and as a result was only added to the litigation to destroy diversity jurisdiction. On July 18, 2005, Ms. Booth filed a motion to dismiss pursuant to Rule 12(b)(6) of the federal rules of civil procedure.

## II. Discussion

The sole issue before the court for jurisdictional purposes is whether the defendants, as the removing parties, have established that the plaintiff fraudulently joined Ms. Booth. As explained in the following paragraphs, the defendants' claim of fraudulent joinder is without merit.

The statute authorizing diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Accordingly, no party involved in a diversity suit may share common citizenship with any party on the other side. *Id*. However, the judicially created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse named defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). A finding of fraudulent joinder "permits

a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

To show that a nondiverse defendant has been fraudulently joined:

> the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Id*. at 464. Accordingly, the removing party bears a heavy burden, as it "must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232-33. Moreover, the court need not limit its jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered as a whole in determining whether there is a basis for joinder. *Mayes*, 198 F.3d at 464 (*citing AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). As the Fourth Circuit has recognized, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* (quoting *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 424 (4th Cir. 1999)).

The defendants do not assert that fraud in the pleading has occurred, instead they claim that Ms. Booth was fraudulently joined because no cause of action exists against Ms. Booth. The defendants claim that Ms. Booth cannot be held liable because all of her duties and responsibilities were within the scope of her employment. The defendants demonstrate this by providing an affidavit by Ms. Booth that states that her duties and responsibilities are within the scope of her employment. The defendants conclude that because her duties and responsibilities are within the scope of her employment, her joinder was made for the sole reason of defeating diversity

jurisdiction. While the defendants do not cite any case which stands for the proposition that an employee cannot be sued when he or she is acting within the scope of his or her employment, the defendants do cite a case in which the West Virginia Supreme Court has held that an employer and an employee can be liable for injuries caused by the negligent wrongdoing of the servant when that employee is acting within the scope of employment. *Woodrum v. Johnson*. 210 W. Va. 762 (2001). Thus, the defendants have correctly pointed out that their own argument has no merit.

Moreover, Judge Copenhaver has recently remanded a case that has a very similar fact pattern to the case at hand. *McKean v. Wal-Mart Stores*, 2005 WL 1785260 (S.D.W. Va. 2005). In *McKean,* the plaintiff alleged that he was injured by one of Wal-Mart's faulty delivery bay doors while he was making a delivery to Wal-Mart. *Id*. at *1. As a result, the plaintiff brought suit against Wal-Mart and one of Wal-Mart's managers, Joannie Smailes. *Id.* The plaintiff claimed that Ms. Smailes and Wal-Mart were negligent in failing to fix the delivery bay door which ultimately injured the plaintiff. *Id.* Like the case at hand, the defendants attempted to claim that Ms. Smailes was fraudulently joined in the proceeding. *Id.* The defendants claimed that Ms. Smailes could not be held liable because West Virginia law did not provide for a cause of action against an employee in this instance. *Id.* at *2. Judge Copenhaver rejected the defendants claim by holding that, "It thus appears that the West Virginia Supreme Court may recognize a cause of action against a management level employee charged with some responsibility for maintaining the premises." *Id.* at *3. As a result, Judge Copenhaver rejected defendant's claim of fraudulent joinder and remanded the case back to state court. *Id.*

The *McKean* fact pattern is nearly identical to the case at hand. Ms. Booth by her affidavit, stated that she delegated the maintenance, inspection and cleanup of the entrance way to the door

greeters and maintenance. Her authority to delegate this job seems to indicate that she has some responsibility for the maintenance of the premises. As a result, as in *McKean*, it is entirely possible that Ms. Booth could be held liable for the injuries to the plaintiff.

To prove fraudulent joinder, the defendants must demonstrate that the plaintiff has no possibility of recovery against Ms. Booth. Defendants have failed to meet this requirement. Accordingly, the court **FINDS** that the defendants have failed to establish that the plaintiff fraudulently joined Ms. Booth. Because Ms. Booth is a nondiverse defendant, the court is without jurisdiction to entertain the action for lack of complete diversity of citizenship.[1] Thus, the court **REMANDS** the action to the Circuit Court of Logan County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      September 29, 2005

*[signature]*
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] Therefore, the court lacks jurisdiction to rule on the defendants' motion to dismiss.